{¶ 45} Respectfully, I dissent from the majority opinion. I would sustain plaintiffs' third assignment of error. Plaintiffs are correct when they say that the trial court erred in including in the settlement agreement terms, conditions, and parties that were not originally bargained for by the parties.
 {¶ 46} Both plaintiffs and defendants argue they entered into a valid and enforceable settlement agreement. The parties vastly differ, however, on the terms of that settlement.
 {¶ 47} Plaintiffs maintain that the binding settlement agreement in this case is the one read into the record on August 20, 2001. Defendants, on the other hand, disagree, claiming what was read into the record on August 20th was incomplete. Defendants argue that the binding agreement is the Agreement attached to the trial court's order dated September 10, 2001 and adopted, in part, by the trial court in this case.
 {¶ 48} "To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear[.]" (Citations omitted.)Kostelnik v. Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, at ¶ 17; Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 376, 377, 683 N.E.2d 337.
 {¶ 49} Defendants argue that the August 20th journal entry was incomplete. The court acknowledged the incompleteness of this entry when the court specified the agreement would be memorialized when defendant sent its written version "with additional terms." When defendant sent the written agreement to plaintiff for approval, there were additional material terms that plaintiff did not agree to. During the January 23rd
hearing, plaintiffs' attorney explained his objections to the Agreement:
MR. CORRADO: The significant issue was the release date that we already discussed, the parties that were part of the release. Mr. Whipple had asked that some, an entity by the name of Dana's Family Restaurant, Delite's Deli and Restaurant, Inc., all be parties to the release.
Dana's, I believe, is, was not even owned by my client, a relative of his owned it, but Mr. Whipple was asking that parties that were not parties to the lawsuit, and nothing to do with this case be parties to this release.
We took exception to that. Part of the Settlement Agreement was that the attorneys were going to be named and be released. Mr. Whipple would not do that.
We asked that my name and other attorneys who were in the case, their names be put on this. * * * [T]here is an indemnification clause in here and, certainly, we found that to be outrageous.
There was nothing that ever was discussed between the parties.
* * *
There was then warranties or a warranty that Mr. Whipple had submitted as part of this agreement that were warranting certain things with regard to the equipment that was in the premises and other things that were in there. * * *
* * * We don't own these machines.
We can't say that we were going to indemnify anybody with regard to any of these. We can't give something that we do not own to them. We can't warrant anything to them.
Tr. 50-56.
 {¶ 50} On this record, I cannot conclude that the parties agreed on the essential terms for a binding settlement contract. Plaintiffs dispute who should be parties to the Agreement and how some of those parties should be identified. Plaintiffs also strenuously refuse to accept the indemnity clause included therein. All these points of disagreement constitute material terms to which the parties cannot be said to have mutually agreed. And without such agreement and meeting of minds, I do not find an enforceable agreement between the parties in this case. I would, therefore, sustain plaintiffs' third assignment of error.
 {¶ 51} Because I would set aside the settlement for a more fundamental reason than is argued in the first two assignments of error, I would find Assignments of Error I and II moot.